IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MICHAEL HARTWICK,**

    Petitioner,

v.                                            Case No. 3:19cv1784-LC/CAS

**FLORIDA COMMISSION ON
OFFENDER REVIEW,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On or about June 9, 2019, Petitioner Michael Hartwick, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the computation of his gain time by the Florida Commission on Offender Review. ECF No. 1. He also filed an appendix to his petition. ECF No. 5. On October 9, 2019, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 7. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 6.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The

pleadings and attachments before the Court show the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Hartwick is an inmate currently housed in the Florida Department of Corrections (DOC), Hamilton Annex. *See* www.dc.state.fl.us/offenderSearch. He was determined to be eligible for conditional release under section 947.1405, Florida Statutes, for the offense of second degree murder, and underwent his conditional release interview on December 1, 2017. *See* ECF No. 7 at 3. On February 6, 2018, DOC released Hartwick on conditional release, for a term of supervision to last until January 12, 2026, under the jurisdiction of the Florida Commission on Offender Review (Commission). *See* Ex. E.[1]

On January 11, 2019, the Commission issued a Warrant for Retaking Conditional Releasee. Ex. F at 2. On February 4, 2019, the Commission dismissed and set aside the warrant, restoring Hartwick to conditional release supervision. *Id*. at 1.

---

[1] Hereinafter, all citations, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 7.

On May 17, 2019, the Commission issued another Warrant for Retaking of Conditional Releasee, alleging three violations of the conditions of his release in connection with events that occurred May 2, 2019. Ex. G at 1. Hartwick was notified of the three alleged violations and requested that his violation hearing be postponed until the disposition of new pending criminal charges. Ex. H.

As indicated above, Hartwick filed his § 2254 petition on or about June 9, 2019. ECF No. 1. He asserts a "violation of the Eighth Amendment" because he is "in custody without bond and [is] not bondable under any circumstances." *Id*. at 6. As relief, he requests "the Court require recalculation of gaintime" and allow him to be released on "bond while the review is taking place." *Id*. at 9. Respondent has filed a motion to dismiss the petition, with exhibits. ECF No. 11. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 6.

## Analysis

Pursuant to § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Furthermore, the statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available

procedure, the question presented." 28 U.S.C. § 2254(c).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be promptly examined and if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

In this case, as pointed out by Respondent, it does not appear that Petitioner has exhausted his state court remedies.  *See* ECF No. 7 at 7-9.  *See* 28 U.S.C. § 2254(b)(1)(A); *see, e.g.*, Rose, 455 U.S. at 518 (explaining that "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings").  Further, a search of the Department of Corrections'

website reveals, as of the date of this Report and Recommendation, that Hartwick is currently incarcerated, with an In-custody date of October 21, 2019, and a release date of March 16, 2027; thus, his claim that he should be released on bond pending his violation hearing appears moot, if not meritless.  See www.dc.state.fl.us/offenderSearch; *see, e.g.*, Galante v. Warden, Metro. Corr. Ctr., 573 F.2d 707, 708 (2d Cir. 1977).

## Concluson

Accordingly, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 7, be **GRANTED**, and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 7) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 22, 2019.

                                      **S/ Charles A. Stampelos**
                                      **CHARLES A. STAMPELOS**
                                      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**